UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TALIB ALSAIFULLAH,

                Petitioner,

    v.

                                    9:16-CV-0313
KELLY J. WEJKO et al.,              (GLS/TWD)

                Respondents.

_____

APPEARANCES:              OF COUNSEL:

TALIB ALSAIFULLAH
11-A-1323
Petitioner, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

## I.   INTRODUCTION

Petitioner Talib Alsaifullah filed an amended petition for a writ of habeas corpus, a memorandum, and exhibits pursuant to 28 U.S.C. §2254.  Dkt. No. 7 at 1-6, Amended Petition ("Am. Pet."); 7-10, Memorandum of Facts in Support of Grounds 1-4 ("Mem."); 11-12, Exhibits.[1]   For the reasons that follow, this action is dismissed.

## II.   THE AMENDED PETITION

Petitioner states that, on February 24, 2015, he was convicted, upon his *Alford* plea,[2]

---

[1]   The cited page numbers refer to those generated by the Court's electronic filing system (ECF).

[2]   *North Carolina v. Alford*, 400 U.S. 25, 37 (1971) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

of first degree promoting prison contraband.  Am. Pet. at 1.  He was sentenced to serve two to four years in prison.  *Id.*  Petitioner states that he appealed his conviction, but his brief has not yet been filed because he is in the "process of reassignment of appellate counsel, due to [a] conflict of interest concerning appealable issues."  Am. Pet. at 2; Dkt. No. 7 at 11, Affidavit of Service; 12, letter to petitioner from Principal Appellate Court Attorney Kim Taylor, Esquire.  Petitioner further indicates that "440 and 440.30 motions" are "pending decision."  Am. Pet. at 2.

Petitioner raises four grounds for habeas relief.  First, he argues that his detention is illegal because he was arraigned on a sealed indictment without being first arrested upon a warrant, and the indictment was improperly sealed by the Cayuga County Clerk without a court order.  Am. Pet. at 4, Ground One.  He also argues that an arrest warrant was jurisdictionally defective because a "warrant of arrest and order to produce can not [sic] be utilized simultaneously under the precepts of being arraigned on a 'sealed' indictment if not previously held by a local court."  *Id.*, Ground Two.  Petitioner states that he filed an Article 78 petition in the "Cayuga County & Supreme Court," in which he argued that the Clerk was not authorized to file the indictment under seal without a court order.  Am. Pet. at 2, 5.  He states that the Article 78 petition was transferred to a different court, but the newly assigned judge (Judge Richard A. Dollinger) "failed to render any decision."  Am. Pet. at 3.  Petitioner argues that Judge Dollinger's failure to decide the Article 78 petition violated his rights to due process, equal protection, legal redress, and access to the courts.  Am. Pet. at 5, Ground Three.

Petitioner next states that he filed an Article 78 petition in the Appellate Division against Judge Dollinger for "failure to entertain" his original Article 78 petition.  Am. Pet. at 3.

2

On November 6, 2015, a judge of the Appellate Division "declined to issue an order to show cause," and petitioner argues that, by doing so, the judge "failed to abide by the law."  Am. Pet. at 3, 5, Ground Four; *see also* Mem. at 7-8.

Petitioner argues that he attempted to exhaust his claims in the state courts, but the state's "corrective remedies proved to be ineffective."  Mem. at 10.  In support of that argument, petitioner references the exhibits attached to his original petition.  *Id.* at 10 (citing Dkt. No. 1-1).  He states that he raised his claims in an Article 78 petition and, once he filed the petition, "it is then up to the court and their officers to ensure that the court and its obligations are made accessible to the litigant."  Mem. at 9.  He claims that Judge Dollinger delayed the process and had the required paperwork but still failed to decide his Article 78 petition, prompting petitioner to file another Article 78 proceeding in the Appellate Division based upon Judge Dollinger's alleged inaction.  He argues that the Appellate Division judge also failed to act on that Article 78 petition, and he attempted to raise his claims in the New York Court of Appeals but was unsuccessful.  *Id.* at 9-10.[3]

Finally, petitioner asks for expedited review of his petition because "if not for this defective indictment and warrant," he could already have been released from custody.  Mem. at 10.  For a complete statement of petitioner's claims, reference is made to the amended petition and memorandum.

## III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a prisoner has

---

[3]  On February 11, 2016, the New York Court of Appeals dismissed petitioner's appeal, ruling that the Appellate Division's November 6, 2016 letter was not "a judgment or an order from which an appeal to this Court may be taken."  Dkt. No. 1-1 at 85.

exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii).  To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

Simply filing a motion or other request for state court relief is insufficient to satisfy the exhaustion requirement.  Instead, to fully exhaust his claims, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

Here, petitioner challenges the legality of the arrest warrant issued against him and the indictment upon which he pleaded guilty, claims that impact the underlying judgment of conviction.  He concedes that his direct appeal, as well as various other state court collateral proceedings, including his original Article 78 petition, remain pending.  Am. Pet. at 2; Dkt. No. 7 at 12; Mem. at 9-10.  Thus, no state court has decided his claims, much less the highest state court capable of reviewing them.

4

There is no basis to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile).  28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing both a direct appeal, and various other state court collateral proceedings.  *See* Am. Pet. at 2.  Even assuming petitioner's Article 78 petition is decided, and any appeal, if necessary, is unsuccessful, petitioner must still complete his direct appeal in order to test the validity of his conviction before pursuing federal habeas relief.  *Dean*, 753 F.2d at 241 (explaining that to satisfy the exhaustion requirement, petitioners must use the proper procedural vehicle to obtain the requested relief); *see* N.Y. Crim. Proc. § 7801(2) ("Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination . . . which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court."); *People ex rel. Hatzman v. Kuhlmann*, 191 A.D.2d 976, 977 (4th Dep't. 1993) (Article 78 proceeding was improper method to challenge the validity of a criminal conviction because "such contentions [must] be raised either on direct appeal or in collateral criminal proceedings commenced in the court of original jurisdiction") (citation omitted)), *lv. denied* 82 N.Y.2d 683 (1993).  Once petitioner's direct appeal and any other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief pursuant to 28 U.S.C. §2254.

In sum, the exhaustion requirement has not been met, and the petition is dismissed.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."). Petitioner's request for expedited review is denied as moot.

**IV.    CONCLUSION**

ORDERED that the amended petition (Dkt. No. 7) is **DISMISSED**; and it is further

ORDERED that petitioner's request for expedited review is **DENIED AS MOOT**; and it

is further

ORDERED that no certificate of appealability (COA) shall issue in this case because

petitioner has failed to make a "substantial showing of the denial of a constitutional right"

pursuant to 28 U.S.C. § 2253(c)(2).[4]  Any further request for a COA must be addressed to

the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on petitioner in

accordance with the Local Rules.

**IT IS SO ORDERED**.

April 19, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4]  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'").